NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERICELDA BEATRICE GUINAC-VELASQUEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4259

Agency No.
A205-272-695

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025**
Seattle, Washington

Before: RAWLINSON, BRESS, and BUMATAY, Circuit Judges.

Ericelda Beatrice Guinac-Velasquez (Guinac-Velasquez), a native and

citizen of Guatemala, petitions for review of the denial of her applications for

asylum, withholding of removal, protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT), and cancellation of removal.  We deny the petition.

**1.** Substantial evidence supports the Board of Immigration Appeals' (BIA) denial of asylum and withholding of removal on the basis that Guinac-Velasquez failed to demonstrate a well-founded fear of future persecution or a clear probability of future persecution.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007); *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010).[1]

For both asylum and withholding of removal, an applicant may demonstrate an "objective risk of future persecution" by establishing (1) "a reasonable possibility that [she] will be singled out individually for persecution" as a member of a disfavored group[2] or (2) "that there is a systematic pattern or practice of persecution against the group to which [she] belongs in [her] home country." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citation and internal quotation marks omitted).

Substantial evidence supports the finding of no pattern or practice of

---

[1] Because our review is limited to the BIA's decision, and the BIA did not make a nexus determination, we do not address Guinac-Velasquez's arguments regarding the different nexus standards for asylum and withholding of removal.  *See Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023).

[2] Guinac-Velasquez failed to exhaust her disfavored group claim because she did not raise the issue before the BIA.  *See Gonzalez-Castillo v. Garland*, 47 F.4th 971, 981 (9th Cir. 2022).  Regardless, the BIA (in adopting the IJ's findings) appears to have addressed any such claim, which lacks merit.

persecution against lesbians because the violence reported against women who identify as lesbians is not pervasive, and the Guatemalan government has made progress in protecting the rights of lesbian women in Guatemala. Although lesbian women are more likely to experience discrimination, that is not the same as persecution. *See Wakkary*, 558 F.3d at 1061.

**2.** The BIA used the proper legal standard in affirming the Immigration Judge's (IJ) denial of CAT relief. The BIA reviewed for clear error the IJ's factual findings as to whether Guinac-Velasquez would be tortured in Guatemala, then reviewed de novo whether those facts met the legal requirements for CAT relief. *See Ridore v. Holder*, 696 F.3d 907, 915-16 (9th Cir. 2012). Applying that standard, the BIA found no clear error in the IJ's factual finding that country conditions evidence showed generalized violence in Guatemala rather than a particularized risk of torture. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Guinac-Velasquez "does not point to any fact found by the IJ that was ignored by the BIA, or any fact found by the BIA that was not found by the IJ." *Id.* at 979 (citation omitted).

**3.** Substantial evidence supports the agency's finding that Guinac-Velasquez's United States citizen son would not suffer "exceptional and extremely unusual hardship" if she were removed to Guatemala. *Gonzalez-Juarez v. Bondi*, -

-- F.4th ----, No. 21-927, 2025 WL 1440220, at *9 (9th Cir. May 20, 2025).  To demonstrate the required hardship, a petitioner must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Id.* at *8 (citation omitted).  Even though Guinac-Velasquez's son has a learning disability, he spends 80 to 100 percent of his time in regular classes and does well in school.  The BIA also determined that her son understands Spanish and would not be deprived of the opportunity to obtain an education.  *See id*. at *9.

      **PETITION DENIED.**[3]

---

[3] The temporary stay of removal will remain in place until the mandate issues.  The motion to stay removal (Dkt # 39) and the supplemental motion to stay removal (Dkt. # 43) are otherwise denied.